## EBENEZER B. WALKER *vs.* INHABITANTS OF ORANGE.

County commissioners laid out a road and ordered a town to build it. A man
agreed with the town to build the road in accordance with the order and to the accept-
ance of the commissioners, for a specified price. The commissioners refused to accept
the road as completed by him, and, after he had sued the town, ordered additional work
to be done upon it, for which the town was obliged to pay. *Held,* that he could not be
permitted to show that their refusal was unreasonable; but that if he left the road with-
out fraud or wilful default, believing it to be completed as required by his agreement,
he was entitled to recover from the town the fair value to the town of his labor and
materials; and that such value would be the price agreed, less the amount paid by the
defendants for the additional work ordered by the commissioners.

ACTION OF CONTRACT. Trial in the superior court before
*Wilkinson,* J., to whose rulings the defendants alleged excep-
tions. The case is stated in the opinion.

*C. Devens Jr. & G. F. Hoar,* for the defendants, cited *Mc-
Carren* v. *McNulty,* 7 Gray, 139 ; *Hayward* v. *Leonard,* 7 Pick.
181 ; *Olmstead* v. *Beale,* 19 Pick. 528 ; *Faxon* v. *Mansfield,* 2
Mass. 147 ; *Taft* v. *Montagne,* 14 Mass. 282 ; *Snow* v. *Ware,* 13
Met. 42 ; *Kettle* v. *Harvey,* 21 Verm. 301 ; *Hayden* v. *Madison,*
7 Greenl. 76 ; 2 Parsons on Con. 35 ; Rev. Sts. *c.* 24, §§ 7, 10,
44, 45.

*F. H. Dewey & H. Williams,* for the plaintiff, cited Rev. Sts.
*c.* 24, §§ 44, 45 ; *Chapman* v. *Lowell,* 4 Cush. 378 ; Bul. N. P.
139 ; *Hayward* v. *Leonard,* 7 Pick. 181 ; *Snow* v. *Ware,* 13 Met.
42 ; *Bassett* v. *Sanborn,* 9 Cush. 58 ; *Smith* v. *Lowell Meeting-
house,* 8 Pick. 178 ; *Brewer* v. *Tyringham,* 12 Pick. 547 ; *Veazie*
v. *Hosmer,* 11 Gray, 396.

CHAPMAN, J. This action is brought upon an agreement
made by the plaintiff with the defendants to construct a certain
road which had been laid out by the county commissioners, and
ordered to be made by the defendants in the manner specified
in their order, and to their acceptance. The agreement was
made by a bidding at a public auction, and the plaintiff agreed
to do the work according to the order and to the acceptance of
the commissioners. He thus assumed the whole obligation of
the defendants.

VOL. XVI.          13

The plaintiff was allowed to introduce evidence at the trial that he had completed the road according to the order, and that the commissioners had unreasonably refused to accept it; and the jury were instructed that, if they should find that it had been thus built, and that the commissioners had unreasonably refused to accept it, the plaintiff could recover the whole contract price.

By this instruction, the jury were made a tribunal to pass upon the reasonableness of the decision of the commissioners, and to substitute their own judgment for the judgment of the commissioners; the plaintiff was released from that part of his contract which bound him to do the work to the acceptance of the commissioners; and the decision, instead of enforcing the contract as the parties had made it, substituted a new stipulation, namely, that the road should be completed to the acceptance of a jury. But the statute expressly makes the commissioners the tribunal to decide finally the question whether the work ought to be accepted. Rev. Sts. *c.* 24, §§ 44, 45. And though the decision releases the plaintiff, it still leaves the town under an obligation to comply with the decision of the commissioners. The ruling was erroneous, and the evidence ought not to have been received, nor any inquiry permitted into the reasonableness of the conduct or decision of the commissioners. It may be remarked that the law has wisely left this question to be decided by the commissioners, who have knowledge of the circumstances and can inspect the work, whereas a jury must ordinarily derive all their knowledge from the statements and opinions of witnesses on the stand.

But though the plaintiff is not entitled to recover the contract price, not having fully performed his contract, yet he is entitled to recover for what he has done.

This case is quite analogous to that of *Hayward* v. *Leonard,* 7 Pick. 181, and other similar cases, where the plaintiff has made a contract with the defendant to build a house or other structure upon the defendant's land in a specified manner, but has without fraud or wilful default failed to perform the contract fully. In such cases, it is held that he can recover for the

value of his work and materials, subject to the limitations specified in the cases, because the defendant has had the benefit of the work and materials.

But it is unlike the case of *Mc Carren* v. *McNulty,* 7 Gray, 139, and other cases of the same class, where the plaintiff has agreed to construct and deliver to the defendants a specified article of personal property, which is to be made to the acceptance of the defendant or some other person named in the agreement. In such cases, the article, not being accepted, remains the property of the plaintiff, and he has not performed his contract, nor has the defendant derived any benefit from what he has done. He ought not therefore to recover anything.

In this case, it appeared at the trial that since the date of the writ the county commissioners had, after causing additional work to be done, for which they charged the defendants the sum of $54, accepted the road. If we assume, as we are bound to do, that the contract price between these parties was reasonable, it appears that the plaintiff's work has been worth to them just the contract price, less $54. This balance has been as beneficial to them as if it had been paid in cash towards making the road; and the work has actually been accepted to that extent by the tribunal which by law and by the terms of the contract had authority to accept it. The $54 having been remitted by the plaintiff, the verdict ought to stand; for the work had been done before the commencement of the action, and the plaintiff had been guilty of no fraud or wilful default, but had left his work several months before bringing the action, believing it to be finished, and had given notice to the commissioners and requested them to view and decide upon it. If the road had not been completed or accepted at the time of the trial, the rule of damages would have been somewhat different. The evidence of facts that occurred subsequently to the commencement of the action related merely to the amount of the damages to be recovered, and was properly admitted.

*On the plaintiff's remitting $54, exceptions overruled*